### CANTER *v.* COLORADO UNITED MIN. CO.

*(Circuit Court, D. Colorado. May 4, 1888.)*

**MASTER AND SERVANT—NEGLIGENCE OF MASTER—PLEADING.**

The complaint in an action for damages for personal injuries set out the employment of plaintiff by defendant, and charged a breach of duty on the employer's part in failing to keep a certain ladder in proper repair, and that one of the rounds of said ladder broke and dropped plaintiff. The allegation of negligence was to the effect that "it was the duty of defendant to keep said ladder in good, safe, and secure condition, so that those in its employment might securely ascend and descend the shaft upon the same." *Held,* on de-

,murrer, that the duty of the employer was stated too broadly, and that the complaint should be amended so as to confine that duty to the exercise of "reasonable care and diligence."[1]

At Law.    Action for damages for personal injuries.    On demurrer to complaint.

*T. M. Patterson*, for plaintiff.

*R. S. Morrison*, for defendant.

BREWER, J.    In this case there is a demurrer to the complaint.    The cause of action is one for personal injuries.    There is really no difference between counsel on both sides and the court as to the rule of law applicable to cases of this kind.    The complaint charges a breach of duty on the part of the defendant in failing to keep a ladder in good condition, one of the rounds of which broke, and dropped the plaintiff, causing the accident.    It is not the absolute duty of an employer to see that the instruments and machinery he provides are safe.    The limit of his duty is reasonable care and precaution in that respect.    I think that, taking the complaint as a whole, it may be an open question whether any more than a breach of such duty is charged, and yet, in the clause stating the duty separately, it is stated broader than the law imposes.    The particular clause reads thus:

"That it was the duty of said defendant company to keep the said ladder in good, safe, and secure condition, so that those in its employment might ascend and descend the shaft upon the same, secure from harm by reason of the breaking of or injury to the same."

That, construed strictly, is an affirmance that it was an absolute duty, and a breach of that duty necessarily would cause liability, and in cases of this kind, where the form of the complaint is challenged in the first instance,—cases in which we all know that the sympathies of the jury naturally go out to the injured person,—I do not know but what it is fair and right that the language of the complaint should be made technically accurate in describing the duty resting upon the defendant.    So, although there is general language in the subsequent part of the complaint that the defendant negligently and carelessly did so and so, I think, as this is challenged in the first instance, it would be no more than fair to sustain the demurrer, and at the same time permit an amendment by interlineation in this clause, so that it shall read that it was the duty of said company to use reasonable care and diligence to keep the said ladder, etc.; or putting at the close of the sentence, "So far as the same could be accomplished by the exercise of reasonable care and diligence," so that, when the complaint is read to the jury, and commented on, it may appear that the limit of its duty is the exercise of reasonable care and prudence.  .

---

[1] A master's liability for injuries to his servant for defective arrangements is not that of an insurer or of a guarantor.    The question is one of reasonable care and diligence. Batterson v. Railway Co., (Mich.) 13 N. W. Rep. 508, 18 N. W. Rep. 584; Richards v. Rough, (Mich.) 18 N. W. Rep. 785; Railroad Co. v. Wagner, (Kan.) 7 Pac. Rep. 204; Pierce v. Mills, (Ga.) 4 S. E. Rep. 381; Manufacturing Co. v. McCormick, (Pa.) 12 Atl. Rep. 273; Bowen v. Railway Co., (Mo.) 8 S. W. Rep. 230.